[Cite as *State v. Bugg*, 2019-Ohio-1692.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

STATE OF OHIO

    Appellee

    v.

DALE M. BUGG, JR.

    Appellant

C.A. No.     18CA011287

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.    17CR097190

DECISION AND JOURNAL ENTRY

Dated: May 6, 2019

SCHAFER, Judge.

{¶1}　Defendant-Appellant, Dale Bugg, appeals the judgment of the Lorain County Court of Common Pleas. We affirm.

I.

{¶2}　The Lorain County Grand Jury returned a two-count indictment charging Bugg with aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree, and robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. Each count contained a repeat violent offender specification. Bugg entered a plea of not guilty to all the charges in the indictment and the matter proceeded through the pretrial process, and was ultimately scheduled for a jury trial.

{¶3}　Prior to trial, Bugg turned down a plea agreement wherein the State offered to recommend a term of four years in prison in exchange for Bugg entering a plea of guilty to the charges. On the day of trial, but prior to the jury being empaneled, the trial court ruled in favor of

the State on its motion to use prior bad acts evidence pursuant to Evid.R. 404(B). Bugg subsequently changed his plea to guilty on both counts in the indictment. The trial court sentenced Bugg to six years in prison on the aggravated robbery charge and merged the robbery charge with the aggravated robbery charge. The trial court also terminated Bugg's post-release control for three prior cases.

{¶4} Bugg filed a motion for leave to file a delayed appeal, which this Court granted. Bugg thereafter filed this appeal, raising one assignment of error for our review.

II.

### Assignment of Error

**The trial court denied [Bugg] due process, in violation of the Fifth and Fourteenth Amendments to the United States Constitution, by being vindictive in its sentencing for exercising his rights to not plead guilty and have his case tried before a jury.**

{¶5} In his sole assignment of error, Bugg contends the trial court's sentence was vindictive and punished him for exercising his right to a jury trial. In support of his argument, Bugg first argues that this Court should presume vindictiveness in this case since his sentence was harsher than that offered during plea negotiations. In the alternative, Bugg argues that his sentence was the result of actual vindictiveness on the part of the trial court. We disagree on both points.

{¶6} Initially, Bugg argues that there is a presumption of vindictiveness in this case. However, in *State v. Rahab*, 150 Ohio St.3d 152, 2017-Ohio-1401, the Supreme Court of Ohio specifically held that "there is no presumption of vindictiveness when a defendant rejects a plea bargain and is subsequently sentenced to a harsher term." *Id.* at ¶ 3. In making this determination, the Supreme Court of Ohio recognized that the United States Supreme Court had only created a "narrow band of cases in which vindictiveness is presumed." *Id.* at ¶ 10-16

(compiling cases). Guided by those cases, the Supreme Court of Ohio acknowledged that in order to determine whether or not to apply the presumption vindictiveness, the question was whether there was a reasonable likelihood that the increase in the sentence was the product of actual vindictiveness on the part of the sentencing authority. *See Id.* The Supreme Court of Ohio concluded that "there is not a reasonable likelihood that a sentence that is harsher than the one offered during plea negotiations is the product of actual vindictiveness." *Id.* at ¶ 16, citing *Alabama v. Smith*, 490 U.S. 794, 799 (1989). The Supreme Court reasoned that "[a] trial court that sentences a defendant following a jury trial—in a case in which there has not been a previous jury trial—has more information upon which to base its sentencing decision than does the court that imposes an agreed sentence arising out of plea negotiations." *Rahab* at ¶ 16. The Supreme Court of Ohio further recognized that the United States Supreme Court made it clear in *Smith*, "[that] there are legitimate reasons a defendant who rejects a plea may end up receiving a harsher sentence. Acceptance of responsibility is an appropriate sentencing consideration." *Rahab* at ¶ 17.

> Moreover, a plea bargain is, after all, a bargain. In the bargain, the prosecutor achieves certain benefits: a forgoing of the risk that the defendant will be found not guilty, relief from the burden of trying the case and a concomitant ability to devote prosecutorial resources to other cases, and limitations on the defendant's right to appeal an agreed sentence. In return, the prosecutor is able to offer the defendant certain sentencing considerations. Both sides exchange risk about the outcome for an enhanced degree of certainty. For the bargain to be worth anything to the defendant (at least in most cases), the defendant must have a reasonable probability of receiving a more lenient sentence than he would following trial and conviction.

(Internal citations omitted.) *Id.* at ¶ 17.

{¶7} Bugg contends that the Supreme Court's holding in *Rahab* is inapplicable here since the present case is factually distinguishable. Specifically, the defendant in *Rahab* was sentenced after being found guilty by a jury, whereas Bugg entered a guilty plea prior to trial.

Thus, unlike in *Rahab*, the trial court did not have any additional information following a trial, Bugg accepted responsibility by pleading guilty, and the prosecution did not have to risk Bugg being found not guilty. Additionally, the prosecution did not have the burden to try or devote additional resources to the case, and Bugg still has limitations on his right to appeal.

{¶8} We are not convinced the Supreme Court's holding in *Rahab* is limited to circumstances where a defendant actually proceeds to trial. However, even assuming it is so limited, Bugg has not shown that there is a reasonable likelihood that a sentence is based on actual vindictiveness when a defendant receives a harsher sentence following his rejection of a plea offer but ultimately pleads guilty before the commencement of trial. As the Supreme Court pointed out in *Rahab*, there are legitimate reasons a defendant who rejects a plea may end up receiving a harsher sentence, including the risks and benefits of plea bargaining. Additionally, we agree with the State's argument in its merit brief, that to presume vindictiveness under the circumstances of this case would undermine the plea bargaining process and erode court discretion in sentencing. Thus, the burden is on Mr. Bugg to show that the trial court acted vindictively. *Id.* at ¶ 18.

{¶9} Alternatively, Bugg argues that the record shows his sentence was the result of actual vindictiveness on the part of the trial court and should be reversed. Again, we disagree.

{¶10} "To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort * * * . There is no question, then, that a sentence vindictively imposed on a defendant for exercising his constitutional right to a jury trial is contrary to law." (Internal quotation and citation omitted.) *Rahab*, 2017-Ohio-1401 at ¶ 8. Nonetheless, a sentence will only be reversed where it is clear and convincing that the sentence was imposed as a result of actual vindictiveness on the part of the trial court. *Id.* at ¶ 19. To

determine if a trial court acted vindictively, an appellate court must "review the entire record—the trial court's statements, the evidence adduced at trial, and the information presented during the sentencing hearing—to determine whether there is evidence of actual vindictiveness." *Id.*

{¶11} A review of the record shows that there is no transcript of any plea discussions that may have taken place. However, the transcript of the sentencing hearing was made a part of the record and nothing in it leads this Court to find clearly and convincingly that the trial court acted vindictively in sentencing Bugg. During the sentencing hearing, the trial court conducted an extensive plea colloquy wherein the court explained his sentencing. The court specifically stated that the "sentence [was] based upon the Defendant's past history, as well as the facts of this case I learned about." The court noted that this was the fourth time Bugg had been charged with robbery under similar circumstances. The court did acknowledge "some positive things" brought to its attention by Bugg's attorney, specifically that Bugg "did not injure anybody; no weapon was used or brandished; you did turn yourself in eventually; and you've plead to these charges, which is taking responsibility." In consideration of those positives, the court determined it "would not impose a sentence in the repeat violent offender range." Finally, with regard to Bugg's rejection of the plea agreement, the court stated:

> I will also note for the record that the [c]ourt is cognizant of the four-year offer that was made last week prior to the trial that was set to begin. The [c]ourt recognizes that the parties and the [c]ourt, as well as the prosecution, had to take additional steps and effort to prepare the case. The [c]ourt is also aware today of additional facts and circumstances regarding the seriousness of the case, as well as the Defendant's prior record, that the [c]ourt was not aware of prior to the State's offer of a four-year term, and, in fact, the record should reflect that the [c]ourt did not at [any time] ever agree or guarantee a four-year term upon a plea.

{¶12} Therefore, Bugg's assignment of error is overruled.

III.

{¶13} Bugg's assignment of error is overruled. Therefore, the judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JULIE A. SCHAFER
FOR THE COURT

CALLAHAN, P.J.
HENSAL, J.
CONCUR.

APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.